UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN GOLD,<br>    *plaintiff,* | NO. 3:02CV-1612 (RNC) |
| V. | |
| DEPARTMENT OF PUBLIC<br>SAFETY, *et al.,*<br>    *defendants.* | JANUARY 13, 2004 |

### STIPULATED SETTLEMENT

**WHEREAS**, the above-captioned action was brought by Stephen Gold, as plaintiff, against the Department of Public Safety, Kenneth Dillon, John Covello, Adam Wagnblas and Arthur Walkley of the Connecticut State Police as defendants, alleging violations of his constitutional rights to be free from false arrest and excessive force under the Fourth Amendment to the U.S. Constitution, arising out of an incident wherein he was arrested by the defendants at his home on the evening of September 20, 2000;

**WHEREAS**, the plaintiff, represented by Robert S. Kolesnik, Esq., and the defendants, represented by Assistant Attorney General Stephen R. Sarnoski, acting upon the advice of their respective attorneys, agree that settlement of all the issues raised by the above-captioned action, would best serve the interests of the parties; and

**WHEREAS**, said parties have attested, and by affixing their signatures hereto do thereby acknowledge, that they voluntarily consent to this Stipulated Settlement as their free act and deed, without undue influence, coercion or duress, and expressly agree to be bound hereby;

**NOW, THEREFORE**, without further proceedings or adjudications of any of the issues of fact or law raised by the disputed claim(s) herein, the parties stipulate and agree as follows:

1. The plaintiff shall immediately, and with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, move for an order of dismissal of this lawsuit, and shall execute the Release of Liability which is attached hereto as Exhibit A.

2. Upon the dismissal of this lawsuit pursuant to Rule 41 (a)(2) of the Federal Rules of Civil Procedure as described above, and upon receipt of the signed Release of Liability, the State of Connecticut shall, within thirty (30) days, or as soon thereafter as practicable, pay to the plaintiff the sum of ten thousand dollars ($10,000.00) through a check made payable to their attorney as trustee.

3. The parties understand and agree that the payment of the aforesaid sum is not intended to constitute, nor shall it be regarded as, an admission of liability on the part of the State of Connecticut, the Office of the Attorney General, the Department of Public Safety or its Division of State Police, or any of their present or former officers, agents or employees, including the named defendants. Rather, this stipulation between the parties constitutes a compromise settlement of the matters stated in this claim for the sole purpose of avoiding further expense and inconvenience to both parties in pursuing or defending this matter as might otherwise be required.

4. The parties expressly acknowledge that this Stipulation of Settlement is intended to, and shall, constitute full and final settlement of all claims and/or rights of action which have arisen, or may in the future arise, out of any of the circumstances which are the subject of this lawsuit including, but not limited to, common law claims of trespass, assault & battery, negligence, false arrest and imprisonment, any and all claims which may be brought pursuant to the Connecticut Constitution, and such claims as may be cognizable under Title 42 U.S.C.

§ 1983 for alleged violations of the plaintiff's federal civil rights. In furtherance thereof, the undersigned plaintiff does now and forever release the defendants, Department of Public Safety, Kenneth Dillon, John Covello, Adam Wagnblas and Arthur Walkley of the Connecticut State Police, their heirs, successors and assigns, the State of Connecticut, its agencies, departments and commissions, and all of their present or former officers, agents and employees from any and all further liability whatsoever in connection with the circumstances surrounding the above-captioned lawsuit and appeal, if any, in accordance with the duly executed Release of Liability which is attached hereto as Exhibit A.

5. The parties agree that the terms and conditions of this Stipulation of Settlement shall be incorporated into the motion for order of dismissal referred to in paragraph 1 above, and that the United States District Court for the District of Connecticut may retain jurisdiction over this matter for the purpose of ensuring that all of the terms and conditions of this agreement are carried out as set forth herein.

6. The parties further agree that the settlement terms and conditions described herein represent the entire agreement of the parties concerning the settlement of this lawsuit with respect to the defendants listed herein, and that the respective parties will each bear their own costs, fees, and expenses, and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

FOR THE PLAINTIFF:

DATE: 1/29/04

_____
Robert S. Kolesnik, Esq.
Kolesnik & Norris
80 Central Avenue
Waterbury, Connecticut 06702
Fed. Bar No. 06-1049342
Tel: (203) 574-5233
HIS ATTORNEY


FOR THE DEFENDANTS:

DATE: 1/13/2004

_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut 06105
Tel: (860) 808-5450
Fed. Bar #Ct 05129
THEIR ATTORNEY

4